IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01626-BNB

THEODORE HEWING,

    Plaintiff,

v.

BRIGHAM SLOAN - Warden,
GARY PHILLIPS - Correctional Officer, and
GRETTA RAFFERTY, Correctional Officer,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Theodore Hewing, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Hewing filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. He asks for declaratory and injunctive relief and money damages.

The Court must construe the complaint liberally because Mr. Hewing is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hewing will be ordered to file an amended complaint.

Mr. Hewing contends he was physically and mentally injured by smoke fumes

caused by an electrical fire from a microwave oven in his housing unit. He complains that correctional officers, Gary Phillips and Gretta Rafferty, failed to evacuate him from the housing unit, which has no ventilation. He contends these two defendants were deliberately indifferent to their subjecting him to unsafe prison conditions. He makes no allegations against Brigham Sloan, also named as a defendant, who apparently is being sued in his capacity as warden of the Bent County Correctional Facility.

In the amended complaint he will be directed to file, Mr. Hewing must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hewing must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Sloan, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The amended complaint Mr. Hewing will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Hewing "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff, Theodore Hewing, file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hewing, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Hewing fails, within the time allowed, to file an amended complaint that complies with this order, the complaint and the action will be dismissed without further notice.

DATED September 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01626-BNB

Theodore Hewing
Prisoner No. 108886
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 9/9/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk